## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SHAMLA L. MCLAURIN,** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **CATHOLIC CHARITIES, INC.,** | |
| Defendant. | **COMPLAINT** |

1.     Plaintiff Shamla L. McLaurin (hereinafter "Ms. McLaurin" or "Plaintiff") is a resident of the State of Delaware residing at 157 North Katrin Circle, New Castle, Delaware 19720.

2.     Defendant Catholic Charities, Inc., (hereinafter "Catholic Charities" or "Defendant") is a Delaware non-profit corporation whose registered agent for service of process is Catholic Charities, INC., 2601 W. 4TH Street, Wilmington, Delaware 19805.

3.     Catholic Charities is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII"); U.S.C. §1981; and the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* (hereinafter "FMLA").

4.     Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3), by 29 U.S.C. §2617(a)(2), and by 28 U.S.C. §1343.

5.    Plaintiff is African-American.

6.    All other employees of Catholic Charities named in this complaint are Caucasian.

7.    At all times relevant to this Complaint, Plaintiff was an "eligible employee" as that term is defined by the FMLA, 29 U.S.C. §2611(2)(A), in that she had been employed by Defendant for at least 12 months, and at least 1,250 hours of service during the previous 12-month period, before she attempted to exercise her rights under FMLA.

8.    Plaintiff brings this action to redress the wrongs done to her by Defendant's discrimination against her on the basis of her race and by Defendant's interference with her rights under the FMLA, including retaliation.

9.    Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

10.    Catholic Charities is liable for the actions of its agents as outlined in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of its agents' actions by Catholic Charities.

11.     Ms. McLaurin timely submitted a complaint of discrimination based on race to the Delaware Department of Labor (hereinafter "the DDOL") and the Equal Employment Opportunity Commission (hereinafter "the EEOC").

12.     Ms. McLaurin has received Notices of Right to Sue for the above-referenced charge from the DDOL and the EEOC.

13.     Ms. McLaurin has timely filed this Complaint within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

14.     Ms. McLaurin was hired by Catholic Charities in or about July 2013 as a Senior Program Manager for Behavioral Health Services until her discharge in or about April 2019.

15.     At all times relevant herein, Ms. McLaurin was employed by Catholic Charities as a Senior Program Manager for Behavioral Health Services.

16.     At all times relevant to this Complaint, Ms. McLaurin was qualified for her job position and satisfactorily performed all job duties of her position.

17.     Ms. McLaurin was an exemplary employee during her tenure with Catholic Charities, never receiving a formal reprimand or complaint.

18.     In March 2019 Plaintiff began preauthorized medical leave under the rights afforded to her by the FMLA.

19.    A few days into her leave, Plaintiff attempted to access her email and received a notification that her access to the system had been suspended and her password changed allegedly due to her being on FMLA leave. Plaintiff was informed that it was standard procedure for employees on FMLA leave to be suspended from the system.

20.    Plaintiff had previously utilized FMLA leave and suspension of system access had not occurred. The expectation was that the employee on leave would monitor their email and forward any pressing correspondence to another team member to handle.

21.    On April 15, 2019, Ms. McLaurin was contacted by Frederick Jones (hereinafter "Mr. Jones"), Director of Operations for Catholic Charities, Caucasian, regarding her return from FMLA. Ms. McLaurin was scheduled to return to work on April 16, 2019 but Mr. Jones requested that she wait an additional day. He instructed her to return to work on April 17, 2019 and to attend a meeting with a Human Resources representative and Mr. Jones, her direct supervisor, at 9:00 A.M.

22.    On April, 17, 2019, Ms. McLaurin was informed that, while she had been on leave, management of Catholic Charities was looking through her files. Defendant claims it had discovered that Ms. McLaurin gave an "unauthorized" discount adjustment to a victim over a year prior, despite being instructed not to. Mr.

4

Jones informed Ms. McLaurin that her adjusting the fee amounted to insubordination and that she was being terminated effective immediately.

23.     Ms. McLaurin explained to Mr. Jones that she had not given the client an unauthorized discount, but that the adjustment was allowed by Defendant's policy which allows clients/victims requesting services with no insurance and/or low income, to pay on a sliding scale adjusted basis. Ms. McLaurin was following Catholic Charities' assessment guidelines for individuals without insurance and based the fee on the client's/victim's income that had been signed off on and implemented under the direction of Mr. Jones.

24.     Defendant waited until Ms. McLaurin was out of the office on her protected FMLA leave to execute its plan to terminate her employment by going back to look into her work from more than a year ago. Further, Defendant did not act in this manner toward Caucasian employees utilizing their FMLA rights.

25.     Plaintiff was not allowed to formally defend herself. Rather, Defendant elected to forego any disciplinary remedy that would normally be afforded to an employee with a stellar employment record, such as Ms. McLaurin had.

26.     None of the Caucasian employees had their work critiqued from a year prior. Moreover, Caucasian employees were not reprimanded nor terminated for their part in providing income-based fee adjustments. Only Ms. McLaurin was

disciplined and to the most extreme degree during a period where she was supposed to be protected from employment loss while she attended to a serious and pressing medical need.

27.     Plaintiff's termination was not the result of insubordination but was in clear violation of the protections afforded under the FMLA, Title VII, and U.S.C. §1981.

28.     The wrongful acts committed by Catholic Charities and its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

29.     Catholic Charities has wrongfully and intentionally interfered with, and retaliated against Plaintiff for exercising of her rights under the FMLA.

30.     As a direct result of the actions of Catholic Charities, Ms. McLaurin has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## COUNT I – TITLE VII

31.     Ms. McLaurin restates and hereby incorporates by reference paragraphs 1 through 30 hereinabove.

32.     By committing the aforementioned acts, including terminating Plaintiff, Catholic Charities has discriminated against Plaintiff based on her race in violation of 42 U.S.C. §2000e, *et seq*.

6

33.     As a direct result of the discriminatory conduct of Catholic Charities and its agents, Ms. McLaurin suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Ms. McLaurin demands judgment against Catholic Charities for:

(a)     Back pay, including interest;

(b)     Reinstatement, if feasible, or, in that alternative, front pay;

(c)     Compensatory and punitive damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d)     Punitive damages;

(e)     Pre-judgment and post-judgment interest;

(f)     Attorney's fees and costs and;

(g)     Any other relief, whether legal or equitable, that the Court deems just and appropriate.

## COUNT II – 42 U.S.C. §1981

34.     Plaintiff hereby restates and incorporates by reference paragraphs 1 through 33 hereinabove.

7

35.    By committing the aforementioned acts, including terminating Plaintiff, Defendant has discriminated against Plaintiff based on her race, in violation of 42 U.S.C. §1981.

36.    As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant, for:

(a)    Back pay, including interest;

(b)    Reinstatement, if feasible, or in the alternative, front pay;

(c)    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d)    Punitive damages;

(e)    Pre-judgment and post-judgment interest;

(f)    Attorney's fees; and

(g)    Any other relief whether legal or equitable, that this Court deems just and appropriate.

## COUNT III – FMLA

37.    Plaintiff hereby restates and incorporates by reference paragraphs 1 through 36 hereinabove.

8

38.   By terminating Plaintiff effective April 16, 2019, Defendant intentionally and willfully retaliated against Plaintiff for the exercise of her rights under the FMLA and/or intentionally and willfully interfered with Plaintiff's rights under the FMLA, in violation of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq*.

39.   As a direct result of the discriminatory interference and/or retaliatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a)   any and all damages provided pursuant to 29 U.S.C. §2617(a)(1), including but not limited to lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all other available pecuniary damages;

(b)   pre-judgment and post-judgment interest;

(c)   attorney's fees and costs;

(d)   Reinstatement, if feasible, or in the alternative, front pay; and

(e)   any other relief, whether legal or equitable, that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

By:

WILLIAM D. FLETCHER, JR., ESQ.
Bar I.D. #362
DIANNA E. LOUDER, ESQ.
Bar I.D. # 6301
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorneys for Plaintiff

Dated: 8-10-21